[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JULY 21, 2008
THOMAS K. KAHN
CLERK

No. 07-14534
Non-Argument Calendar

_____

D. C. Docket No. 06-00071-CR-4

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

EDWARD F. DAVIS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

**(July 21, 2008)**

Before BLACK, MARCUS and WILSON, Circuit Judges.

PER CURIAM:

Edward Free Davis appeals his conviction on two counts of executing and attempting to execute a scheme and artifice to defraud the First National Bank of Barnesville (First National), in violation of 18 U.S.C. §§ 2, 1344(1). On appeal, Davis claims the district court erred in admitting falsified debt assignment sheets generated by his company, International Carpets, Inc. (ICI), under the business records exception to the general rule against the admission of hearsay evidence. Specifically, Davis contends Amy Vaughn, the cash flow processor at First National, was not competent to lay the foundation for the government's exhibits because the admitted documents were created by ICI, not First National.

A district court has broad discretion in determining the admissibility of evidence, and we review its rulings on such matters for abuse of discretion. *United States v. Petrie*, 302 F.3d 1280, 1285 (11th Cir. 2002). Hearsay is generally not admissible as evidence. Fed. R. Evid. 802. However, the Federal Rules of Evidence provide the following are not excluded by the hearsay rule:

> A memorandum, report, record, or data compilation, in any form, of acts, events, conditions, opinions, or diagnoses, made at or near the time by, or from information transmitted by, a person with knowledge, if kept in the course of a regularly conducted business activity, and if it was the regular practice of that business activity to make the memorandum, report, record or data compilation, all as shown by the testimony of the custodian or other qualified witness . . . unless the source of information or the method or circumstances of preparation indicate lack of trustworthiness.

Fed. R. Evid. 803(6). "The touchstone of admissibility under the business records exception to the hearsay rule is reliability." *United States v. Bueno-Sierra*, 99 F.3d 375, 378 (11th Cir. 1996). "For this exception to be available, all persons involved in the process must be acting in the regular course of business—otherwise, an essential link in the trustworthiness chain is missing." *T. Harris Young & Assocs., Inc. v. Marquette Elecs., Inc.*, 931 F.2d 816, 828 (11th Cir. 1991). "[T]he proponent of a document ordinarily need not be the entity whose first-hand knowledge was the basis of the facts sought to be proved." *Bueno-Sierra*, 99 F.3d at 379. Nonetheless, "the proponent must establish that it was the business practice of the recording entity to obtain such information from persons with personal knowledge and the business practice of the proponent to maintain the records produced by the recording entity." *Id.*

Though the assignment sheets in question were created by ICI and the foundation for their admission was laid in part by Vaughn, an employee of First National, the court did not abuse its discretion in admitting them as business records. The Government supported the introduction of the assignment sheets with evidence that the entities involved in their creation, transmission, and storage were operating in the regular course of business. The testimony of Charles Gallman, president of American Financial Services (American Financial),

3

established his company received the assignment sheets from ICI, which created the documents. American Financial then faxed the assignment sheets to First National in the regular course of American Financial's business. The testimony of Vaughn established that First National received the documents from American Financial and kept them in the normal course of its business. Because all the involved entities were operating in the normal course of business, all the links of the "trustworthiness chain" are present with regard to the assignment sheets. *See T. Harris Young & Assocs.*, 931 F.2d at 828. Moreover, Vaughn, though not an employee of ICI, was a qualified witness through whom to introduce the assignment sheets, since she maintained records of these documents in her role as cash flow processor once First National received them from American Financial in its ordinary course of business. Thus, the Government established the assignment sheets met the business records exception, and the district court did not abuse its discretion in admitting them.

**AFFIRMED**